UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] FRANCISCO A. RIVERA-GONZALEZ,<br>(AKA "Frank"),<br><br>[2] LUIS R. JIMENEZ-FELICIANO,<br>(AKA "Robert", "RJ"),<br><br>[3] FRANCISCO J. CINTRON-ACEVEDO,<br>(AKA "Paco Pepe"),<br><br>[4] DERILYN SERRANO-BERNACET,<br><br>Defendant. | INDICTMENT<br><br>Criminal No. 14-139 (JAG)<br><br>Violations:<br>Title 18, U.S.C., §1347 and 1349<br>(Health Care Fraud)<br>Title 18, U.S.C., § 2<br>(Aiding and Abetting)<br>Title 18, U.S.C., §1028A<br>(Aggravated Identity Theft)<br>Title 21, U.S.C., §331(k), 333(a)(2),<br>351and 352<br>(Misbranding and Adulterating<br>Prescription Medications)<br>Title 18, U.S.C., §982(a)(7)<br>(Forfeiture Allegation)<br><br>(FOURTEEN COUNTS AND<br>FORFEITURE ALLEGATION) |

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal program that provides medical insurance for covered services to any person 65 years or older, to certain disabled persons, and to individuals with chronic renal disease who elected coverage under the program. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS") an agency of the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 2 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 2

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare program was divided into different "parts". "Part A" of Medicare covers health services provided by hospitals, skilled nursing facilities, hospices and home health agencies. "Part B" of the Medicare program is a medical insurance program that covers, among other things, certain physician services, outpatient services, and other services, including durable medical equipment ("DME") that is medically necessary and is ordered by a licensed physician or other qualified health care professionals. DME is equipment designed for repeated use and for a medical purpose, such as nebulizers and respiratory therapy medications. "Part C" of the Medicare program, commonly referred to as Medicare Advantage Plans (MAP), provides beneficiaries with all of the services provided under Parts A and B (except hospice care), in addition to mandatory supplemental benefits and optional supplemental benefits.

4. Part C beneficiaries choose to enroll in a managed care plan administered by private health insurance companies or health maintenance organizations. A number of entities are contracted by CMS to provide managed care to Part C beneficiaries through various approved plans. MCS Advantage Inc. ("MCS") was an insurance plan that contracted with CMS to provide managed care to beneficiaries under Part C, which covered DME and related health care benefits, items and services. Among its responsibilities as a Medicare Advantage Plan, MCS received, adjudicated and paid the claims of authorized providers seeking reimbursements for the cost of DME and related health care benefits, items, or services supplied to MCS Classicare (Medicare) beneficiaries.

5. DME providers that provided services to MCS Classicare beneficiaries were able to apply for and obtain a "provider number" from MCS. A DME provider who had been issued an

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 3 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 3

MCS provider number was able to file claims with MCS to obtain reimbursement for services provided to beneficiaries. A Medicare claim submitted through MCS was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that had been performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who had ordered the services.

6. For services purportedly rendered from in or around January 2010 continuing through in or around September, 2011, defendants billed or caused to be billed Medicare, through MCS, under Family Pharmacy provider number, XXXXX7573.

7. For Medicare billing purposes, respiratory therapy medications provided to MCS Classicare beneficiaries as part of a DME service or item were identified by a Healthcare Common Procedure Coding System ("HCPCS") code. The HCPCS code for inhalation solution *Levalbuterol*, inhalation solution, FDA-approved final product, noncompounded, administered through DME, unit dose, 0.5mg (also known as Xopenex) is J7614; and for inhalation solution *Budesonide*, inhalation solution, FDA-approved final product, noncompounded, administered through DME, unit form, up to 0.5mg. (also known as Pulmicort, Pulmicort Flexhaler, Pulmicort Respules, Vanceril)) is J7626.

## FOOD, DRUG AND COSMETIC ACT

8. The Federal Food, Drug and Cosmetic Act (hereinafter "FDCA"), as amended, Title 21, United States Code, Section 331, et seq., was in effect.

9. The United States Food and Drug Administration (FDA) was the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Food, Drug, and Cosmetic Act ("FDCA"). FDA's responsibilities under the FDCA

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 4 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 4

included regulating the manufacture, labeling, and distribution of all drugs and drug components shipped or received in interstate commerce.

10. The term "drug" included:

(a) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and

(b) articles intended for the use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and

(c) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and

(d) articles intended for use as a component of any drug.

Title 21, United States Code, Section 321(g)

4. Title 21, United States Code, Section 331(k) prohibited doing or causing any act that resulted in a drug being misbranded while held for sale after shipment in interstate commerce.

5. Under Title 21, United States Code, Section 321(b), interstate commerce meant commerce between any State or Territory and any place outside thereof.

6. The term "prescription drug" meant a drug that, because of its toxicity and other potential harmful effects, was not safe for use except under the supervision of a practitioner licensed by law to administer the drug. Title 21, United States Code, Section 353(b)(1)(A). A drug was also deemed to be a prescription drug if a new drug application approved by the United States Food and Drug Administration limited the drug to use under the professional supervision of a practitioner licensed by law to administer the drug. Title 21, United States Code, Section

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 5 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 5

353(b)(1)(B).

11. *Levalbuterol* and *Budesonide* are prescription drugs under the FDCA.

## The Businesses

A. **Exclusive Health, Inc. (D/B/A Family Pharmacy)**

12. Exclusive Health, Inc. (D/B/A Family Pharmacy), hereinafter referred to as "Family Pharmacy", was a pharmacy authorized to do business in Puerto Rico with its principal place of business located in Añasco, Puerto Rico. On or about November 22, 2005 it registered with the Puerto Rico Department of State as a business corporation and engaged in the sale and dispensing of prescription drugs, DME services and items, including *Levalbuterol* and *Budesonide*.

13. From on or about October 16, 2006 to on or about September 24, 2011, Family Pharmacy was registered as an authorized MCS provider with provider number, XXXXX7573.

14. From on or about January 1, 2010 through on or about September 24, 2011, Family Pharmacy submitted at least **FIVE HUNDRED AND FIFTY-FOUR (554)** false and fraudulent claims to Medicare, through MCS, totaling approximately **THREE HUNDRED NINE THOUSAND FOUR HUNDRED AND FIFTY-SIX DOLLARS WITH EIGHTY-ONE CENTS ($309,456.81)**, seeking reimbursement for adulterated/misbranded *Levalbuterol* and *Budesonide*, causing Medicare, through MCS, to disburse approximately **TWO HUNDRED TWENTY-FIVE THOUSAND NINE HUNDRED AND TWENTY-NINE DOLLARS WITH TWENTY-ONE CENTS ($225,929.21)**.

B. **RJ Medcare, Inc.**

15. RJ Medcare, Inc. was an unlicensed prescription drug distributor doing business in Puerto Rico with its principal place of business located in Añasco, Puerto Rico, and became

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 6 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 6

registered with the Puerto Rico Department of State as a business on or about December 20, 2007. RJ Medcare, Inc. engaged in the unlicensed distribution of prescription drugs, DME services and items including but not limited to *Levalbuterol* and *Budesonide*.



C. **Farmacia Cintron, Inc.**

16. Farmacia Cintron was a pharmacy authorized to do business in Puerto Rico with its principal place of business located in Utuado, Puerto Rico, and became registered with the Puerto Rico Department of State as a business since on or about November 15, 1971. Farmacia Cintron was engaged in the sale and dispensing of prescription drugs, DME services and items including the *Levalbuterol* and *Budesonide*.



Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 7 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 7

D. **Franseb, Inc.**

17. Franseb, Inc was a corporation authorized to do business in Puerto Rico with its principal place of business located in Utuado, Puerto Rico and became registered with the Puerto Rico Department of State as a business on or about March 12, 2007. Franseb, Inc. was an entity created to engage and promote any "legitimate" business or purpose. Franseb, Inc. was an entity established by **[3] FRANCISCO J. CINTRON-ACEVEDO** to receive payments related to the illegal compounding of *Levalbuterol* and *Budesonide*.

## Defendants

18. Defendant **[1] FRANCISCO A. RIVERA-GONZALEZ** (hereinafter referred to as "**RIVERA**"), was the President of Exclusive Health, Inc. (D/B/A Family Pharmacy). He owned and managed Exclusive Health, Inc. (D/B/A Family Pharmacy) controlling business activities to include submitting claims to Medicare, through MCS, on behalf of Exclusive Health, Inc. (D/B/A Family Pharmacy). Defendant **[1] RIVERA** controlled Medicare payments received by Exclusive Health, Inc. (D/B/A Family Pharmacy). **[1] RIVERA** caused the adulteration/misbranding of *Levalbuterol* and *Budesonide* provided to Medicare beneficiaries and subsequently billed to Medicare.

19. **[2] LUIS ROBERTO JIMENEZ-FELICIANO** (hereinafter referred to as "**JIMENEZ**"), was the owner and president of RJ Medcare, Inc. **[2] JIMENEZ** had signatory authority on its business bank accounts. **[2] JIMENEZ** facilitated and caused the adulteration/misbranding of *Levalbuterol* and *Budesonide* provided to Medicare beneficiaries.

20. Defendant **[3] FRANCISCO J. CINTRON-ACEVEDO** (hereinafter referred to as "**CINTRON**"), was a licensed pharmacist at Farmacia Cintron and the Resident Agent in Charge of Franseb Inc. **[3] CINTRON** had signatory authority on its businesses bank accounts. **[3]**

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 8 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 8

**CINTRON** facilitated and caused the adulteration/misbranding of *Levalbuterol* and *Budesonide* provided to the Medicare beneficiaries and subsequently billed to Medicare, which were subsequently billed to Medicare.

21. Defendant **[4] DERILYN SERRANO** (hereinafter referred to as "**SERRANO**"), was a pharmacy technician at Farmacia Cintron. **[4] SERRANO** illegaly compounded *Levalbuterol* and *Budesonide* provided to Medicare beneficiaries, which were subsequently billed to Medicare.

**COUNTS ONE through SIX**
**(Health Care fraud)**
**Title 18, United States Code, Sections 1347 and 2**

Paragraphs One (1) through Twenty-One (21) of the General Allegations are hereby realleged and incorporated as though fully set forth herein. From on or about January 1, 2010, and continuing through on or about September 24, 2011, in the District of Puerto Rico and elsewhere, within the jurisdiction of this Court,

**[1] FRANCISCO A. RIVERA-GONZALEZ,**
**[2] LUIS ROBERTO JIMENEZ-FELICIANO,**
**[3] FRANCISCO J. CINTRON-ACEVEDO,**
**[4] DERILYN SERRANO-BERNACET,**

the defendants herein, aiding and abetting each other and others known and unknown to the Grand Jury, as identified in the table below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, that is: the defendant knowingly submitted, and caused to be submitted, to Medicare, through MCS Advantage, Inc.,

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 9 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 9

the Medicare Part C carrier, false and fraudulent claims for the cost of *Levalbuterol* (J7626) and *Budesonide* (J7614), for pay and profit.

### THE SCHEME AND ARTIFICE TO DEFRAUD

1. It was part of the scheme and artifice to defraud that Defendants **[1] FRANCISCO A. RIVERA-GONZALEZ, [2] LUIS ROBERTO JIMENEZ-FELICIANO, [3] FRANCISCO J. CINTRON-ACEVEDO,** and **[4] DERILYN SERRANO-BERNACET**, submitted and caused to be submitted through Family Pharmacy, claims for *Levalbuterol* (J7626) and *Budesonide* (J7614) in violation of FDA regulations. Defendants were not entitled to payment by Medicare for adulterated/misbranded *Levalbuterol* and *Budesonide*.

2. It was part of the scheme and artifice to defraud that Defendants **[1] FRANCISCO A. RIVERA-GONZALEZ, [2] LUIS ROBERTO JIMENEZ-FELICIANO, [3] FRANCISCO J. CINTRON-ACEVEDO,** and **[4] DERILYN SERRANO-BERNACET** created the labels that were placed in the boxes were the *Levalbuterol* and *Budesonide* were packed, specifically including a "Lot Number" and random "Expiration Date".

3. As part of the scheme and artifice to defraud Defendants would distribute the illegal proceeds as follows:

    a. **[1] FRANCISCO A. RIVERA-GONZALEZ** received payments from MCS corresponding to the false and fraudulent claims submitted;

    b. **[1] FRANCISCO A. RIVERA-GONZALEZ** would pay **[2] LUIS ROBERTO JIMENEZ-FELICIANO** with checks drafted to the order of **[3] FRANCISCO J. CINTRON-ACEVEDO** or **Franseb, Inc.** from the bank account in which the MCS payments had been deposited;

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 10 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 10

c. **[2] LUIS ROBERTO JIMENEZ-FELICIANO** deposited said checks in his bank account and retain a portion for his participation before paying **[3] FRANCISCO J. CINTRON-ACEVEDO** his share.

4. It was part of the scheme and artifice to defraud that Defendants **[2] LUIS ROBERTO JIMENEZ-FELICIANO**, received commissions from **[1] FRANCISCO A. RIVERA-GONZALEZ** in return for prescriptions of respiratory medication issued to MCS Classicare beneficiaries, specifically *Levalbuterol* and *Budesonide*. Subsequently, **[3] LUIS ROBERTO JIMENEZ-FELICIANO** would deliver the illegally compounded *Levalbuterol* and *Budesonide* to the MCS Classicare beneficiaries.

5. It was part of the scheme and artifice to defraud that Defendant **[3] FRANCISCO J. CINTRON-ACEVEDO** facilitated a compounding machine he owned to perform the illegal compounding of *Levalbuterol* and *Budesonide.*

6. It was part of the scheme and artifice to defraud that Defendant **[3] FRANCISCO J. CINTRON-ACEVEDO** trained **[4] DERILYN SERRANO-BERNACET** how to perform the illegal compounding and introduced **[4] DERILYN SERRANO-BERNACET** to **[1] FRANCISCO A. RIVERA-GONZALEZ** and **[2] LUIS ROBERTO JIMENEZ-FELICIANO** in order for her to perform the illegal compounding of *Levalbuterol* and *Budesonide*.

7. It was part of the scheme and artifice to defraud that Defendants **[1] FRANCISCO A. RIVERA-GONZALEZ** and **[3] FRANCISCO J. CINTRON-ACEVEDO** purchased and provided **[2] LUIS ROBERTO JIMENEZ-FELICIANO** and **[4] DERILYN SERRANO-BERNACET** the raw materials and vials used for the illegal compounding of *Levalbuterol* and *Budesonide* through Farmacia Cintron, an example of which are shown in the pictures below:

 

8. It was part of the scheme and artifice to defraud that Defendants **[1] FRANCISCO A. RIVERA-GONZALEZ, [2] LUIS ROBERTO JIMENEZ-FELICIANO, [3] FRANCISCO J. CINTRON-ACEVEDO,** and **[4] DERILYN SERRANO-BERNACET** facilitated the preparation, packaging, are storage of the illegally compounded *Levalbuterol* and *Budesonide*, under unsanitary conditions whereby it may have been contaminated with filfth, or whereby it may have been rendered injurious to health and the methods used in, and the facilities or controls used for, its manufacture, processing, packing, or holding do not conform to or are not operated or administered in conformity with current good manufacturing practice to assure that such drug meets the FDA requirements, as demonstrated in the pictures below:

 

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 12 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 12



## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

From on or about January 1, 2010, and continuing through on or about September 24, 2011 **[1] FRANCISCO A. RIVERA-GONZALEZ, [2] LUIS ROBERTO JIMENEZ-FELICIANO, [3] FRANCISCO J. CINTRON-ACEVEDO,** and **[4] DERILYN SERRANO-BERNACET,** aiding and abetting each other, and others known and unknown to the Grand Jury, submitted and caused to be submitted through Family Pharmacy submitted at least **FIVE HUNDRED AND FIFTY-FOUR (554)** false and fraudulent claims to Medicare, through MCS, for prescription drugs including *Levalbuterol* and *Budesonide* totaling approximately **THREE HUNDRED NINE THOUSAND FOUR HUNDRED AND FIFTY-SIX DOLLARS WITH EIGHTY-ONE CENTS ($309,456.81).** Six (6) of said fraudulent claims are listed below in Counts One (1) through Six (6) as acts in execution of the scheme to defraud:

| Counts | MCS (Medicare) Claim Number | Medicare Beneficiary Initials | HCPCS Code Billed | HCPCS Code Description | Date Claim Received | Amount Billed |
|---|---|---|---|---|---|---|
| 1 | 8507311121418 | E.O. | J7614 | Levalbuterol | July 31, 2011 | $162.00 |
| 2 | 8507031120413 | E.O. | J7614 | Levalbuterol | July 3, 2011 | $148.50 |
| 3 | 8506271121169 | E.O. | J7614 | Levalbuterol | June 27, 2011 | $148.50 |
| 4 | 8507231123926 | A.L. | J7626 | Budesonide | July 23, 2011 | $390.00 |
| 5 | 8506201121103 | A.L. | J7626 | Budesonide | June 20, 2011 | $298.80 |
| 6 | 8505231127411 | A.L. | J7626 | Budesonide | May 23, 2011 | $298.80 |

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 13 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 13

Each of the claims listed above constituting a separate and distinct violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT SEVEN
### (Conspiracy to Commit Health Care Fraud)
### Title 18, United States Code, Sections 1347 and 1349

Paragraphs One (1) through Twenty-One (21) of the General Allegations, and Counts One (1) through Six (6) of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

From on or about January 1, 2010 through on or about September 24, 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

[1] FRANCISCO A. RIVERA-GONZALEZ,
[2] LUIS ROBERTO JIMENEZ-FELICIANO,
[3] FRANCISCO J. CINTRON-ACEVEDO,
[4] DERILYN SERRANO-BERNACET,

the defendants herein, and others known and unknown to the Grand Jury, did knowingly and willfully conspire and agree with each other to commit an offense against the United States, that is, having devised a scheme and artifice to defraud a health care benefit program, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program, that is: the defendants knowingly submitted, and caused to be submitted, to Medicare, through MCS Advantage Inc., the Medicare Part C carrier, false and fraudulent claims for the cost of *Levalbuterol* (J7626) and *Budesonide* (J7614), in violation of Title 18, United States Code, Section 1347. All in violation of Title 18, United States Code, Section 1349.

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 14 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 14

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy for defendant **[1] FRANCISCO A. RIVERA-GONZALEZ, [2] LUIS ROBERTO JIMENEZ-FELICIANO, [3] FRANCISCO J. CINTRON-ACEVEDO,** and **[4] DERILYN SERRANO-BERNACET,** to unlawfully enrich themselves by submitting and causing to be submitted for payment, false and fraudulent claims to Medicare, through MCS, which Medicare would not have otherwise paid under Medicare regulations.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In an effort to carry out the object of the conspiracy to defraud, codefendants' carried out the following acts, among others:

1. Counts 1 through 6 and 8 through 14 of this indictment are hereby incorporated herein by reference as if fully set forth herein, each count constituting an overt act in furtherance of the conspiracy.

2. On or about October 16, 2006, defendant **[1] FRANCISCO A. RIVERA-GONZALEZ** applied for a MCS Advantage, Inc. provider number for Family Pharmacy and was assigned provider number XXXXX7573.

3. From in or around 2009 to on or about September 24, 2011, defendant **[3] FRANCISCO J. CINTRON-ACEVEDO** owned the compounding machine (see picture below) used by **[1] FRANCISCO A. RIVERA-GONZALEZ, [2] LUIS ROBERTO JIMENEZ-FELICIANO,** and **[4] DERILYN SERRANO-BERNACET** to conduct the illegal compounding of *Levalbuterol* and *Budesonide*.



## COUNTS EIGHT through NINE
(Aggravated Identity Theft)
Title 18, United States Code, Sections 1028A(a)(1) and (2)

Paragraphs One (1) through Twenty-One (21) of the General Allegations are hereby realleged and incorporated as if fully set forth herein. On or about the dates listed below, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1] FRANCISCO A. RIVERA-GONZALEZ,**
**[2] LUIS ROBERTO JIMENEZ-FELICIANO,**

the defendants herein, aiding and abetting each other, did knowingly possess, use and transfer, without lawful authority, a means of identification of another person, as more fully described below:

| Count | Date | Claim Number | Medicare Beneficiary Initials | Means of Identification Used |
|---|---|---|---|---|
| 8 | July 31, 2011 | 8507311121418 | E.O. | MCS Classicare Beneficiary Name and Member Number |
| 9 | July 23, 2011 | 8507231123926 | A.L. | MCS Classicare Beneficiary Name and Member Number |

and in relation to felony violation enumerated in subsection (c), Health Care Fraud, a violation

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 16 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 16

of Title 18, United States Code, Section 1347. Each count listed above constituting a separate and distinct violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNTS TEN through FOURTEEN
### Title 21, United States Code, Sections 331(k), 333(a)(2), 351(a)(2)(A) and (B), 352(a), (b), and (o)
### (Misbranding and adulterating prescription medications with intent to mislead and defraud)

On or about the dates listed below, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] FRANCISCO A. RIVERA-GONZALEZ,
[2] LUIS ROBERTO JIMENEZ-FELICIANO,
[3] FRANCISCO J. CINTRON-ACEVEDO,
[4] DERILYN SERRANO-BERNACET,

the defendants herein aiding and abetting each other, did acts with the intent to defraud and mislead that caused prescription drugs to be misbranded and adulterated while held for sale after shipment in interstate commerce, as listed in the table below:

| Counts | Medicare Beneficiary Initials | Prescribed Medication | Quantity Dispensed | On or about the below dates, these prescribed medications were provided to patients | Lot Number on Label | False Expiration Date | Manufacturer's Reported True Expiration Date |
|---|---|---|---|---|---|---|---|
| 10 | A.L. | Budesonide | 60 vials | August 11, 2011 | W29541 | 11/28/2011 | 01/31/2013 |
| 11 | A.L. | Budesonide | 60 vials | July 18, 2011 | W29541 | 12/28/2011 | 01/31/2013 |
| 12 | G.R. | Budesonide | 60 vials | September 8, 2011 | W30251 | 12/28/2011 | 05/31/2013 |
| 13 | G.R. | Budesonide | 60 vials | August 11, 2011 | W30251 | 12/28/2011 | 05/31/2013 |
| 14 | S.S. | Levalbuterol | 60 vials | August 30, 2011 | RB22B | 12/28/2011 | 12/28/2012 |

The defendants caused the prescription drugs abovementioned (*Levalbuterol* and *Budesonide*) to become misbranded and adulterated by:

    (1)    Bearing labeling that was false and misleading in any particular in violation of

             21 U.S.C. §352(a);

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 17 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 17

(2) Failing to bear a label containing the name and place of business of the manufacturer, packer, and distributor in violation of Title 21 U.S.C. §352(b);

(3) Being manufactured, prepared, propagated, compounded, and processed in an establishment not duly registered with FDA in violation of Title 21 U.S.C. §352(o));

(4) Being prepared, packed, and held under insanitary conditions whereby they may have been contaminated with filth and may have been rendered injurious to health in violation of 21 U.S.C. §351(a)(2)(A);

(5) Employing methods used in, and facilities and controls used for, their manufacture, packing, storage, and installation that did not conform with the current good manufacturing practices established by Title 21 U.S.C. §351(a)(2)(B);

All in violation of Title 21, United States Code, Sections 331(k), 333(a)(2), 351(a)(2)(A) and (B), 352(a), (b), 352(o) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
### Title 18, United States Code, Section 982(a)(7)

Upon conviction of one or more of the offenses alleged in Counts One (1) through Sixteen (16) of this Indictment,

[1] FRANCISCO A. RIVERA-GONZALEZ,
[2] LUIS ROBERTO JIMENEZ-FELICIANO,
[3] FRANCISCO J. CINTRON-ACEVEDO,

the defendants herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), all property, real and personal, that constitutes or is derived, directly or indirectly from the gross proceeds traceable to the commission of the offense, including but not

Case 3:14-cr-00139-JAG   Document 3   Filed 02/26/14   Page 18 of 18

U.S. v. Francisco Rivera-Gonzalez, et.al.
INDICTMENT
Page 18

limited to the following:

1.  **MONEY JUDGMENT**

A sum of money equal to **TWO HUNDRED TWENTY-FIVE THOUSAND NINE HUNDRED AND TWENTY-NINE DOLLARS WITH TWENTY-ONE CENTS ($225,929.21)** in United States currency, representing the amount of proceeds obtained as a result of the offense, namely health care fraud in violation of Title 18, United States Code, Sections 1347 and 1349, for which the defendants are liable.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

TRUE BILL

_____
Jose A. Ruiz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division

Foreperson
Dated: 2/26/2014

_____
Timothy Henwood
Assistant U.S. Attorney
Deputy Chief, White Collar Division

_____
Wallace A. Bustelo
Special Assistant U.S. Attorney